## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commercial Business Systems, Inc.

v.

BellSouth Services, Inc.

### Case No. CL 90-912

Commercial Business Systems, Inc.

v.

Halifax Corp., formerly
Halifax Engineering, Inc.,
Jerry H. Waldrop,
Denis Waldrop, and
Clifford G. McGuire

### Case No. CL 94-475

### January 11, 1996

BY JUDGE T. J. MARKOW

The parties appeared by counsel on the motions of defendants Halifax, McGuire, and Waldrop that their motions to strike previously taken under advisement be sustained, their motions to set aside the verdicts be sustained, and that judgments be entered for them, and memoranda were received.

The jury returned verdicts for the plaintiff and against the defendants Waldrop and McGuire on plaintiff's claim of conspiracy to tortiously interfere with prospective business relationships and against Halifax and McGuire on its claim of wrongful interference with prospective business relationships. The jury found for all defendants on all other issues.

Defendants claim that plaintiff failed to prove the elements of the tort of wrongful interference with a prospective business relationship and that there was a conspiracy between Waldrop and McGuire to commit that tort and, therefore, the plaintiff's evidence should have been struck. Considering the evidence in the light most favorable to plaintiff (CBS) and drawing all inferences most favorable to the plaintiff, the court agrees with the defendants and sustains the motions to strike the plaintiff's evidence and to set aside the verdict.

Whether plaintiff has proved by a preponderance of the evidence the elements of the tort must first be determined. If there was no tort there can be no basis for a finding of a conspiracy to commit that tort. Further, the quantum of proof of the conspiracy is the clear and convincing standard. The elements of the tort are found in Instruction 27, and they are:

(1) There was a business expectancy between CBS and Bell-South with a reasonable probability of future economic benefit to CBS;

(2) Halifax and McGuire knew about this expectancy.

(3) In the absence of the defendants' intentional misconduct it is reasonably *certain* that CBS would have continued in the relationship with BellSouth or realized the expectancy; and

(4) CBS suffered damages from defendants' misconduct [emphasis added].

Assuming without deciding that there was a business expectancy between CBS and BellSouth, that there was intentional misconduct, and that CBS sustained damages from the misconduct, the primary issues are (1) whether CBS had a reasonable probability of continued business with BellSouth, (2) whether it was reasonably *certain* that CBS would have continued its relationship or realized its expectancy with BellSouth, and (3) that Halifax/McGuire knew of CBS's expectancy. The evidence is inadequate to support such findings.

There is evidence that the jury could have found that Halifax and McGuire knew of the existence of CBS and that CBS had a contract with BellSouth for the repairs of TP1000 printers. There is absolutely no evidence that they had any knowledge of any expectancy that the contract would continue, for how long, or that it was subject to renewal or that Halifax was in any way prevented from competing with CBS for that business because of the CBS expectancy.

More importantly, however, is whether CBS had a reasonable probability that the contract would be renewed (Element No. 1) and whether it is *"reasonably certain"* that CBS would have realized the expectancy but for the misconduct of Waldrop and Halifax/McGuire. (Element No. 3.)

All agree that the only person in the BellSouth organization who would make the decision to renew CBS's contract was the defendant Waldrop. All of the evidence presented on this issue, none of which is contradicted, leads to but one conclusion and that is that under no circumstances and for reasons unrelated to any intent to profit on his own, Waldrop would never have renewed the CBS contract. Even if Waldrop's predecessor, Jordan, had been the decision-maker, Jordan testified that it was uncertain whether the contract would have been renewed for reasons having nothing to do with misconduct or with Halifax/McGuire. There is simply no evidence on which the jury could have found that CBS had a reasonable probability of continuing its business with BellSouth. Further, element no. 3 requires proof of "reasonable certainty" in realizing the business expectancy. The evidence cannot support that finding.

Without the likelihood of contract renewal, CBS has no cause of action against any defendant on the tortious interference count. In no event can the evidence support the conspiracy count when measured by the clear and convincing standard. Further, as stated previously, the common law conspiracy count is dependent upon the existence of the tort. As that count fails, so must the conspiracy count.

CBS has failed to prove that Halifax/McGuire tortiously interfered with a business expectancy of CBS; consequently, the conspiracy finding cannot stand as to Halifax/McGuire, nor Waldrop. The motion to strike the plaintiff's evidence on both counts is sustained. The verdict is set aside as to defendants Halifax/McGuire and Waldrop.

It is, therefore, ordered that judgment is awarded to the defendants Halifax Corporation, formerly Halifax Engineering, Inc., Jerry H. Waldrop, and Clifford G. McGuire and against the plaintiff Commercial Business Systems, Inc., and it shall take nothing from them and they shall have their costs. The plaintiff's objections are noted.